[No. D043155. Fourth Dist., Div. One. Mar. 30, 2004.]

RANDON LEE FOLEY, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven J. Carroll, Public Defender, and Gary R. Nichols, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Casey Gwinn, City Attorney, and Linda L. Peter, Deputy City Attorney, for Real Party in Interest.

**OPINION**

**BENKE, Acting P. J.—**

### PROCEDURAL AND FACTUAL BACKGROUND

Petitioner Randon Lee Foley was charged in a criminal complaint with being a spectator at an illegal motor vehicle speed contest in violation of San Diego Municipal Code section 52.5203, subdivision (a). Foley demurred to the complaint, arguing that the City of San Diego's (city's) authority to criminalize speed contests and activities related to them is preempted by Vehicle Code sections 23109, 23109.2, 23109.5. The demurrer was overruled. Foley sought and the superior court denied a petition for writ of prohibition seeking dismissal of the complaint based on his preemption claim. Foley then petitioned this court for a writ of prohibition, seeking the same relief on the same ground. We issued an order to show cause and stayed all proceedings in the superior court.

### DISCUSSION

Foley notes that San Diego Municipal Code section 52.5203, subdivision (a), makes it unlawful to be present at an illegal motor vehicle speed contest or exhibition of speed. He argues the city had no authority to create such an offense since the regulation of such activity has been preempted by state law.

## A. Ordinances and Statutes

### 1. Vehicle Code

Vehicle Code section 23109 makes it unlawful for any person to engage in or aid and abet in any motor vehicle speed contest or exhibition of speed on a highway. (Veh. Code, § 23109, subds. (a), (b).) In addition, the section makes it unlawful to obstruct in any manner or place any barricade or obstruction or assist in so placing any barricade or obstruction upon a highway for the purpose of facilitating or aiding any motor vehicle speed contest or exhibition. (Veh. Code, § 23109, subd. (d).) A "speed contest" is defined as "a motor vehicle race against another vehicle, a clock, or other timing device." (Veh. Code, § 23109, subd. (a).)

Vehicle Code section 23109.2 provides for the arrest of persons engaged in speed contests and exhibitions and the seizure and disposition of vehicles used in such contests. Vehicle Code section 23109.5 deals with the effect of prior Vehicle Code section 23109, subdivision (a), convictions on subsequent such convictions.

### 2. City Ordinances

In 2002 the city added division 52 to chapter 5, article 2 of its Municipal Code. The division was entitled Spectators Prohibited at Illegal Speed Contests or Exhibitions of Speed. Section 52.5201 of the ordinance notes that Vehicle Code section 23109 makes speed contests and exhibitions unlawful. The section notes that streets within the city are the site of an escalating number of such contests and exhibitions. The city council made the finding that "[s]uch street racing threatens the health and safety of the public, interferes with pedestrian and vehicular traffic, creates a public nuisance, and interferes with the right of private business owners to enjoy the use of their property within the City of San Diego." The section states that hundreds of racers and spectators gather on city streets, blocking streets and sidewalks to traffic, forming racetrack areas, placing bets and "otherwise encouraging, aiding and abetting the racing process."

Section 52.5201 states that as a result of this activity, "[t]raffic accidents, property crimes, and calls for police service have increased dramatically. In most cases, illegal street races attract hundreds of spectators. The mere presence of spectators at these events fuels the illegal street racing and creates an environment in which these illegal activities can flourish."

The section concludes: "This division is adopted to prohibit spectators at illegal street races with the aim of significantly curbing this criminal activity.

The division targets a very clear, limited population and gives proper notice to citizens as to what activities are lawful and what activities are unlawful. In discouraging spectators, the act of organizing and participating in illegal street races will be discouraged."

Section 52.5203 states in relevant part:

"(a) Any individual who is knowingly present as a *spectator*, either on a public street or highway, or on private property open to the general public without the consent of the owner, operator, or agent thereof, at an *illegal motor vehicle speed contest* or *exhibition of speed* is guilty of a misdemeanor . . . .

"(b) Any individual who is knowingly present as a *spectator*, either on a public street or highway, or on private property open to the general public with the consent of the owner, operator, or agent thereof, where *preparations* are being made for *an illegal motor vehicle speed contest* or *exhibition of speed* is guilty of a misdemeanor . . . .

"(c) An individual is present at the *illegal motor vehicle contest* or *exhibition of speed* if that individual is within 200 feet of the location of the event, or within 200 feet of the location where *preparations* are being made for the event."

Section 52.5202 defines an "illegal motor vehicle speed contest" or "illegal exhibition of speed" as any such activity "referred to in California Vehicle Code sections 23109(a) and 23109(c)." (Italics added.)

The section defines a "spectator" as "any individual who is present at an *illegal motor vehicle speed contest* or *exhibition of speed*, or at a location where *preparations* are being made for such activities, for the purpose of viewing, observing, watching, or witnessing the event as it progresses. *Spectator* includes any individual at the location of the event without regard to whether the individual arrived at the event by driving a vehicle, riding as a passenger in a vehicle, walking, or arriving by some other means." (Italics added.)

Section 52.5202 also provides a nonexclusive list of situations and activities which are preparations for an illegal motor vehicle contest or exhibition of speed.

B. *Law of Preemption*

Article XI, section 7 of the California Constitution provides that a city "may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." However, local legislation that conflicts with state law is preempted by such law and is void.

(*Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 897 [16 Cal.Rptr.2d 215, 844 P.2d 534]; *Roble Vista Associates v. Bacon* (2002) 97 Cal.App.4th 335, 339 [118 Cal.Rptr.2d 295].)

" ' "A conflict exists if the local legislation ' "duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication." ' " [Citations.]' [Citation.] '[L]ocal legislation enters an area that is "fully occupied" by general law when the Legislature has expressly manifested its intent to "fully occupy" the area [citation], or when it has impliedly done so in light of one of the following indicia of intent: "(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the" locality [citations].' [Citation.]" (*Horton v. City of Oakland* (2000) 82 Cal.App.4th 580, 585 [98 Cal.Rptr.2d 371].)[1]

## C. *Analysis*

Foley ultimately bases his claim of preemption on Vehicle Code section 21, which states: "Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the State and in all counties and municipalities therein, and no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein."

Foley argues that San Diego Municipal Code section 52.5203, making it a crime for a person to be knowingly present as a spectator at an illegal motor vehicle speed contest or exhibition of speed, is a matter covered by Vehicle Code sections 23109, 23109.2 and 23109.5, which make such contests and exhibitions and activities that aid and abet them illegal. Thus, in Foley's view, the San Diego Municipal Code sections dealing with being a knowing spectator at such events are preempted and void.

In this context, to be preempted, the subject San Diego Municipal Code section must deal with a matter "covered" by the Vehicle Code. As is so often

---

[1] San Diego is a charter city and is empowered by the California Constitution to adopt legislation that conflicts with general state law when the subject of the local legislation is a "municipal affair" rather than one of "statewide concern." (Cal. Const., art. XI, § 5.) The city makes no claim that the subject regulation deals with a municipal affair and we need only address the general question of preemption.

the case in the law, the issue is one of characterization. There is no doubt that the findings made by the San Diego City Council identify speed contests and exhibitions, i.e., the actual vehicular activity made illegal by the Vehicle Code, as a serious civic problem. However, the findings also note attendant problems, e.g., the gathering of hundreds of spectators who engage in criminal and nuisance behavior, related to but not covered by the Vehicle Code.

The city essentially notes a symbiotic relationship between vehicular speed contest and exhibition activity made illegal by the Vehicle Code and the separate nonvehicular criminal and nuisance activity engaged in by spectators of such vehicular activity. It appears the city's hope that making it a crime to be knowingly present as a spectator at a speed contest or exhibition will have the effect of both limiting the specific problems caused by spectators and ultimately, but indirectly, limiting the vehicular activity itself. We conclude that the Vehicle Code sections dealing with speed contests and exhibitions are complementary to and not in conflict with the San Diego Municipal Code sections dealing with spectators at such activities.[2]

San Diego Municipal Code section 52.5203, subdivision (a), is not preempted by state law.[3]

## DISPOSITION

The petition for a writ of prohibition is denied. The stay issued by this court on November 18, 2003, is vacated.

McIntyre, J., and Aaron, J., concurred.

---

[2] We note the Penal Code makes it unlawful to be present as a spectator at illegal boxing matches (§ 413), at dog fights (§ 597.5, subd. (b)) and at animal fights (§ 597b).

[3] In light of our determination, we need not reach the city's remaining arguments.