Opinion
McKAY, P. J.
This appeal from a trial de novo of an administrative hearing raises the issues of preemption and due process of law. We affirm the judgment.
*Supp. 4 BACKGROUND
Defendant and appellant Leslie Keith Kaufman received an administrative citation via mail alleging that a vehicle registered to him was captured by automated video equipment failing to obey a stop sign located on property within the jurisdiction of plaintiff and respondent Mountains Recreation Conservation Authority (MRCA). The cause proceeded to an administrative hearing. At the conclusion thereof, the hearing officer found that appellant had violated sections 4.0 and 4.2.1[1] of MRCA Ordinance No. 1-2003, as amended. Appellant timely filed a notice of appeal and a trial de novo was held.
At the trial de novo, Ranger Fernando Gomez testified that he “reviewed a video of a vehicle that failed to stop at a stop sign and authorized the issuance of an administrative citation to the registered owner of the vehicle based on his observation of the vehicle’s failure to stop. [Gomez] showed the video to the court. [Gomez] stated that he made no effort to identify the driver of the vehicle.”
Thereafter, appellant testified and denied that he was “the driver of the vehicle cited for the moving violation, and testified that there were no photographs taken, or produced, which show any driver, let alone the [defendant, in the vehicle at the time the alleged moving violation was alleged to have taken place.”
At the conclusion of the trial de novo, the trial court took the matter under submission. Later, the trial court affirmed the administrative decision[2] and judgment to that effect was subsequently entered. This timely appeal followed.
*Supp. 5 ISSUES ON APPEAL
Appellant seeks to have this court reverse the judgment on the following grounds: (1) that sections 4.0 and 4.2.1(a) of MRCA Ordinance No. 1-2003, as amended, are preempted by Vehicle Code section 21; (2) that the court erred by finding that the Vehicle Code does not preempt MRCA’s ordinances “regarding the regulation and contract of the non highway pathways in the boundaries of the MRCA”; and (3) that appellant’s right to due process of law was violated.
DISCUSSION
Any statute, local ordinance or regulation that conflicts with state law is invalid and preempted. (Cal. Const., art. XI, § 7; O’Connell v. City of Stockton (2007) 41 Cal.4th 1061, 1067 [63 Cal.Rptr.3d 67, 162 P.3d 583]; Foley v. Superior Court (2004) 117 Cal.App.4th 206, 209-210 [11 Cal.Rptr.3d 505]; Roble Vista Associates v. Bacon (2002) 97 Cal.App.4th 335, 339 [118 Cal.Rptr.2d 295].) A conflict exists between state and local law when the local legislation either “ \ . . “ ‘duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.’ ” ’ [Citations.]” (Sherwin-Williams Co. v. City of Los Angeles (1993) 4 Cal.4th 893, 897 [16 Cal.Rptr.2d 215, 844 P.2d 534].)
Appellant alleges the last of these—field preemption by express legislative intent[3]—as a basis for relief from this court. The general law fully occupies an area of the law when the Legislature expressly manifests its intent to do so. (Sherwin-Williams Co. v. City of Los Angeles, supra, 4 Cal.4th at p. 898.) Contrary to appellant’s assertion, and in regards to the MRCA, we find that the Legislature did not express preemptive intent as to Vehicle Code section 21. During the time period that is pertinent to this appeal, Vehicle Code section 21 proscribed legislation by a local authority “on the matters covered by this code.” It provided in full as follows: “Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the State and in all counties and municipalities therein, and no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein.” (Veh. Code, former § 21.)[4]
*Supp. 6 The term “local authorities” is defined in Vehicle Code section 385 to mean “the legislative body of every county or municipality having authority to adopt local police regulations.” A “county” is, by definition, “the largest political division of the State having corporate powers.” (Gov. Code, § 23000.) A “municipality” is a city[5] and, in California, cities are created either by charter or by general law. (Gov. Code, §§ 34100, 34101.)
A “local agency,” however, includes the following: “a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency.” (Gov. Code, § 54951.)
The MRCA is a joint powers agency—formed under the authority of Government Code section 6500 et seq.—between the Santa Monica Mountains Conservancy and the recreation and park districts of Conejo and Rancho Simi. (Tucker Land Co. v. State of California (2001) 94 Cal.App.4th 1191, 1194 [114 Cal.Rptr.2d 891].) It falls within the definition of a local agency and as such, it was statutorily authorized to exercise any power common to each individual entity. (Gov. Code, § 6502.) Each entity was entitled to enact ordinances in order to carry out its individual functions. The authority for the Conejo and Rancho Simi Recreation and Park Districts is found in Public Resources Code section 5786.1, subdivision (i), which authorized the districts to adopt ordinances provided that the procedures set forth in Government Code sections 25120 through 25132 were followed. The authority for the Santa Monica Mountains Conservancy is found in Public Resources Code section 33211.5, subdivision (a)(3), which requires all vehicles within the boundaries of the conservancy to conform to all posted signs, and section 33211, subdivision (c) which empowers the conservancy to do “any and all other things necessary to carry out the purposes” set forth in the division which includes section 33211.5, subdivision (a)(3).
*Supp. 7 Thus, by express language, the Legislature authorized agencies such as the MRCA to regulate traffic within their districts so long as the regulations are not in conflict with state law. We find no conflict between the general law and that section of the MRCA ordinance challenged by appellant. “An ordinance is invalid if it makes illegal the same acts that are made illegal by the general laws of the state. [Citations.]” (In re Bell (1942) 19 Cal.2d 488, 498 [122 P.2d 22].) Sections 4.0 and 4.2.1(a) of MRCA Ordinance No. 1-2003, as amended, do not conflict with any Vehicle Code provisions regarding stop signs. The Vehicle Code, by definition, renders illegal acts that occur on the highway, whereas the MRCA applies to acts on “any MRCA owned or managed parkland, roadway or parking areas.” (MRCA Ordinance No. 1-2003, § 4.0.)
Appellant concedes, in his opening brief, that the Santa Monica Conservation Authority[6] was entitled to enforce stop signs posted on the subject property. Appellant argues, however, that contrary to the trial court’s finding in this regard, enforcement in this matter did not take place on the “non highway pathways in the boundaries of the MRCA.” The major flaw with appellant’s position is that there is nothing in the record to support his contention that the ordinance was enforced on a highway within the meaning of Vehicle Code section 360.
Appellant’s remaining contention is that his right to due process of law was violated. This argument is based on his comparison of the administrative procedure used for his citation with the procedure that is used when a person is charged with an infraction under the automated traffic enforcement system.[7] Appellant argues that it was a violation of his right to due process to prosecute him without any photographic evidence that identified him as the person who violated the MRCA ordinance. Appellant’s constitutional argument is perfunctorily asserted without any discussion of constitutional principles or citation to authority. Under these circumstances, we treat this contention as forfeited. In doing so, we also note that defendant’s citation carried none of the penalties associated with an infraction—he was required to pay a fine without any collateral consequences to his driving privileges— and that the identity of the driver was not an element of the violation.
*Supp. 8 DISPOSITION
The judgment is affirmed. Respondent to recover costs on appeal.
Dymant, J., and Kalin, J.,* concurred.

 The ordinance provides in relevant part as follows: “Traffic control. No person shall drive any vehicle, as defined in the California Vehicle Code, upon any MRCA owned or managed parkland, roadway or parking areas except upon, and subject to, any posted traffic control signs .... Traffic control signs include, but are not limited to, stop signs . . . .” (MRCA Ordinance No. 1-2003, § 4.0.)
“Offense, (a) No currently registered owner of a motor vehicle shall permit his or her vehicle to be operated in violation of § 4.0 and shall be liable for an administrative penalty as set forth in Chapter 6.” (MRCA Ordinance No. 1-2003, § 4.2.1.)

 The court’s decision provides, in pertinent part, as follows: “Ca Public Resources Code Section 5786.1(J) allows Recreation and Park Districts ‘to adopt and enforce rules and regulations for the administration, operation, use, and maintenance of the recreation facilities . ..’ [H Ca Public Resources Code Section 33211.5(a)(3) which governs the Santa Monica Mountains Conservancy requires all vehicles to conform to posted signs. [j[] This citation is an administrative civil penalty, not a Vehicle Code violation and the Administrative reviews, opportunities for hearing and review by this Court weaken Contestant’s argument that due process has not ben afforded the Contestant. [][] The California Vehicle Code does not pre-empt the MRCA’s ordinances regarding the regulation and contract of non highway pathways in the boundaries of the MRCA.”

 Appellant does not rely upon or advance an implied preemptive intent argument. (See Sherwin-Williams Co. v. City of Los Angeles, supra, 4 Cal.4th at p. 898.) Accordingly, we do not address this aspect of the law of preemption.

 Vehicle Code section 21 was subsequently amended, and said amendment was effective July 1, 2011, so as to provide in full as follows: “(a) Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the state and in all counties and municipalities therein, and a local authority shall not enact or enforce any ordinance or *Supp. 6 resolution on the matters covered by this code, including ordinances or resolutions that establish regulations or procedures for, or assess a fine, penalty, assessment, or fee for a violation of, matters covered by this code, unless expressly authorized by this code. [1] (b) To the extent permitted by current state law, this section does not impair the current lawful authority of the Mountains Recreation and Conservation Authority, a joint powers authority, or any member agency constituted therein as of July 1, 2010, to enforce an ordinance or resolution relating to the management of public lands within its jurisdiction.”

 “Municipality” means the “governing body of a municipal corporation.” (Black’s Law Diet. (7th ed. 1999) p. 1037.) It is also defined as “a city or town, etc., having its own incorporated government for local affairs.” (Webster’s New World Dict. (2d ed. 1980) p. 936.)

 We do not understand the significance of appellant limiting his concession to the Santa Monica Conservation Authority, in that the citation was issued by the joint agency and, as stated ante, the Conejo and Rancho Simi Recreation and Park Districts were authorized to adopt and enforce ordinances.

 See Vehicle Code sections 210 and 21455.5 through 21455.7.

Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.